UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| COLLEEN ULULANI SOUZA,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, DEPARTMENT OF AGRICULTURE, STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAII, DEPARTMENT OF HEALTH, STATE OF HAWAII, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, STATE OF HAWAII, NEXT STEP, IHS WOMEN'S AND CHILDREN'S SHELTER, CITY AND COUNTY OF HONOLULU, PUNA WAI REST STOP, DEPARTMENT OF TRANSPORTATION SERVICES, CITY AND COUNTY OF HONOLULU, ATTORNEY GENERAL, STATE OF HAWAII, CORPORATION COUNSEL, CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | CIV. NO. 19-00608 LEK-RT |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964; 42 U.S.C. § 2000E-5(F)(1)(B)**

On November 6, 2019, Plaintiff Colleen Ululani Souza, also known as Colleen U. Souza and Colleen U. Purdy ("Plaintiff"), filed her: Complaint; Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"); and Request for Appointment of Counsel Under the Civil Rights

Act of 1964; 42 U.S.C. § 2000e-5(f)(1)(B) ("Request").  [Dkt. nos. 1, 2, 3.]  The Court has considered the Application and the Request as non-hearing matters pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, the Complaint is hereby dismissed without prejudice, and the Request is denied.  In other words, Plaintiff is allowed to file an amended complaint to try to cure the defects in the Complaint, but she must do so pro se and by **January 27, 2020**.  Because Plaintiff is allowed to file an amended complaint, the Application will not be ruled upon until the amended complaint is filed and screened.

## BACKGROUND

Plaintiff alleges that, while she lived in the Aina Hina area in 2016 and 2017, and while she lived in the Makiki area in 2018, she was exposed to poisonous levels of pesticides because of her neighbors' misuse of pesticides.  According to Plaintiff, this exposure created on-going health problems that: required numerous forms of treatment; caused her to lose her job on more than one occasion; resulted in the loss of her personal property; and ultimately caused to her to become homeless.  [Complaint at ¶¶ III.1.a-c.]  Plaintiff also alleges the pesticide exposure resulted in her arrest and caused her neighbors to seek temporary restraining orders against her.

Plaintiff asserts the restraining orders have impaired her ability to obtain employment. [Id. at ¶ III.1.f.] She further alleges the disruptions in her employment have adversely impacted her eligibility for Social Security benefits and other government benefit programs. [Id. at ¶ III.1.g.] Plaintiff also states the pesticide poisoning has prevented her from engaging in competitive hula and professional yoga. [Id. at ¶¶ III.1.h-j.]

Plaintiff reported her neighbors' misuse of pesticides to Defendant Department of Agriculture, State of Hawai`i ("DoA"). [Id. at ¶ III.1.a.] Plaintiff never received the results of DoA's investigation into her Makiki report. Plaintiff alleges that, in retaliation for her reports, she was ostracized in the Aina Hina area and evicted from her apartment in Makiki. [Id. at ¶ III.1.e.]

Plaintiff also states she applied for financial assistance from Defendant Department of Human Services, State of Hawai`i ("DHS"), and for unemployment benefits from Defendant Department of Labor and Industrial Relations, State of Hawai`i ("DLIR"), but there were delays in both payment processes. [Id. at ¶¶ III.1.b, d.] These delays contributed to Plaintiff's losses described above and to other losses, causing her to suffer "irreparable harm financially, emotionally, physically and professionally." [Id. at ¶ III.1.d.] According to

Plaintiff, DHS's delays were "intentional and malicious." [Id. at ¶ III.1.g.]

Plaintiff alleges DoA; Defendant United States Environmental Protection Agency ("EPA"), which she alleges acted through DoA; and Defendant Department of Health, State of Hawai`i ("DoH") were "lax in implementing and enforcing pesticide rules and regulations," resulting in the problems Plaintiff experienced because of pesticide poisoning. [Id. at ¶¶ III.2.a-c.] DHS and DLNR were allegedly "lax in implementing and enforcing [the] rules and regulations for" their respective benefits programs that Plaintiff applied for. [Id. at ¶¶ III.2.d-e.] Plaintiff alleges Defendant Next Step and Defendant Institute for Human Services Women's and Children's Shelter ("IHS") failed to provide her safe, emergency shelter in February 2019, forcing her to live on the streets. [Id. at ¶¶ III.2.f-g.] She also alleges Defendant City and County of Honolulu, Punawai Rest Stop ("Punawai") "failed . . . to provide a safe and secure environment" and "was lax in implementing and enforcing its rules and regulations," resulting in the theft of Plaintiff's belongings from a secured locker on October 12, 2019. [Id. at ¶ III.2.h.] Plaintiff alleges Defendant Department of Transportation Services, City and County of Honolulu ("DTS") "was lax in implementing and enforcing its rules and regulations for transportation services" when it

4

"failed . . . to replace [her] stolen Disability Bus pass" in August 2019. [Id. at ¶ III.2.i.] Finally, Plaintiff alleges Defendant Attorney General, State of Hawai`i ("Attorney General") and Defendant Corporation Counsel, City and County of Honolulu ("Corporation Counsel") are liable as the representatives of respective state and county agencies identified above. [Id. at ¶¶ III.2.j-k.]

Plaintiff asserts the defendants' conduct constitutes: 1) discrimination against her because of her race and color; and 2) retaliation. [Id. at ¶¶ III.3, 6.] The Complaint seeks various forms of monetary relief. [Id. at ¶¶ IV.a-l.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in*

5

*forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . .

> "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I. Discrimination and Retaliation

Even liberally construing Plaintiff's Complaint, see Eldridge, 832 F.2d at 1137, the Court cannot determine the legal basis for Plaintiff's discrimination and retaliation claims. The Court therefore cannot determine whether Plaintiff's Complaint states claims upon which relief can be granted. See Omar, 813 F.2d at 991 ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6)."); Rule 12(b)(6) (stating the defense of "failure to state a claim upon which relief can be granted" may be asserted in a motion).

### A. 42 U.S.C. § 1983

For example, Plaintiff may be asserting discrimination and retaliation claims pursuant to 42 U.S.C. § 1983.[1] However, "§§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions." Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011) (citations omitted).[2] Thus, if Plaintiff is asserting § 1983 claims against the EPA, the claims would fail. Similarly, § 1983 claims against DoA, DHS, DoH, DLIR, and the

---

[1] Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

A claim alleging that the defendants conspired to violate the plaintiff's civil rights can be brought pursuant to 42 U.S.C. § 1985. However, the Complaint does not allege there was a conspiracy among the defendants.

[2] The United States Supreme Court has recognized an implied cause of action against federal officials who violate certain constitutional rights. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (discussing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and its progeny). However, "the Court has made clear that expanding the Bivens remedy is now a disfavored judicial activity." Id. at *1857 (citation and internal quotation marks omitted).

8

Attorney General would fail because state agencies and state officials, acting in their official capacities, are not persons for purposes of a § 1983 claim for damages. See Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 617 (2002) (noting "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted" (citations omitted)); see also, e.g., Ah Puck v. Werk, CIV. NO. 17-00154 DKW-KJM, 2017 WL 1731685, at *3 (D. Hawai`i May 2, 2017) ("States, state agencies, and state officials sued in their official capacities are not 'persons' subject to civil rights claims for damages under § 1983." (some citations omitted) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-66 (1989))). The State of Hawai`i, its agencies, and its officials acting in their official capacity, also have Eleventh Amendment immunity from § 1983 claims for damages. See Ah Puck, 2017 WL 1731685, at *3 (citing Sherez v. Haw. Dep't of Educ., 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005); Piedvache v. Ige, 2016 WL 6516826, at *4 (D. Haw. Nov. 2, 2016)).[3]

---

[3] However, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) (citing Will, 491 U.S. at 71 n.10, 109 S. Ct. 2304). Further, Eleventh Amendment immunity does not bar suits for prospective injunctive relief against state officials in their official capacities, and it does not bar suits against state officials in their individual capacities. See, e.g., Ah Puck,
(. . . continued)

Punawai, DTS, and the Corporation Counsel are "persons" for purposes of § 1983, but the Complaint does not address whether those defendants were acting according to a county policy. See Kirkpatrick v. Cty. of Washoe, 843 F.3d 784, 788 (9th Cir. 2016) ("Municipalities and other local governmental units are 'persons' subject to suit under § 1983, but to prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must also show that his or her injury is attributable 'to official municipal policy of some nature.'" (quoting Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978))). Based on the allegations of the Complaint, Next Step and HIS are not government entities, but, if Plaintiff is asserting § 1983 claims against them, the claims would fail because the Complaint does not allege they were acting "under color of law." See § 1983; Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011) ("The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982))).

---

2017 WL 1731685, at *3 (citing Hafer v. Melo, 502 U.S. 21, 30 (1991)).

**B.    42 U.S.C. § 2000d**

Plaintiff may also be bringing her discrimination and retaliation claims pursuant to Title VI of the Civil Rights Act of 1964, which provides that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d. However, even if Plaintiff is asserting Title VI claims, they would fail because the Complaint does not allege that any of the programs at issue receives "Federal financial assistance."

**C.    Summary and Leave to Amend**

Because Plaintiff has not identified the legal basis for her discrimination and retaliation claims, they cannot be properly screened.  Plaintiff's Complaint is therefore dismissed.  However, the dismissal must be without prejudice because it may be possible for Plaintiff to cure the defects in her discrimination and retaliation claims by amending her Complaint.[4]  See Lucas, 66 F.3d at 248.  In other words,

---

[4] The Court emphasizes that it has only conducted a preliminary screening of Plaintiff's claims.  A more thorough screening of Plaintiff's claims will be conducted if the amended complaint identifies the legal basis for her claims.  This would include an analysis of whether Plaintiff has sufficiently pled the elements of her claims.  For example, if Plaintiff's amended complaint asserts § 1983 claims, in addition to alleging that
(. . . continued)

11

Plaintiff must be given a chance to file an amended complaint. If Plaintiff chooses to file an amended complaint, she must do so by **January 27, 2020**, and the amended complaint must identify the legal authority that is the basis for Plaintiff's claims.

Plaintiff's amended complaint must include all of the claims that she wishes to allege, and all of the allegations that her claims are based upon, even if she previously presented them in the original Complaint. She cannot incorporate any part of her original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if she fails to file her amended complaint by **January 27, 2020**, or if the amended complaint fails to cure the defects identified in this Order, her claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

---

each defendant is a person for purposes of a § 1983 claim, she must allege how each defendant's actions caused the deprivation of her constitutional rights. See, e.g., OSU Student All. v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (stating that, in addition alleging the defendant was a "person" for purposes of § 1983, the plaintiff must allege the defendant, "acting under color of state law, caused the deprivation of a federal right" (citation and quotation marks omitted)).

## II. Application

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## III. Request

This district court has recognized that "there is no constitutional right to counsel in a civil case." Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *15 (D. Hawai`i Feb. 25, 2019) (citing United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996)). Plaintiff requests the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f), which authorizes the appointment of counsel to plaintiffs in employment discrimination cases. Because the Complaint does not contain any indication that Plaintiff was employed by any of the defendants, she is not entitled to appointment of counsel under § 2000e-5(f).

Even if the Request is liberally construed as seeking the appointment of counsel because Plaintiff is indigent,

> the court may request counsel to represent an
> indigent litigant under 28 U.S.C. § 1915(e)(1)
> only under "exceptional circumstances," taking
> into account the "likelihood of success on the
> merits" and the "ability of the petitioner to
> articulate his claims pro se in light of the
> complexity of the legal issues involved."
> Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
> 1991) (internal citations and quotations
> omitted).

Peapealalo v. Sec'y of the Navy, CIVIL NO. 18-00400 DKW-RLP, 2018 WL 5931124, at *1 (D. Hawai`i Oct. 24, 2018), *report and recommendation adopted*, 2018 WL 5929627 (Nov. 13, 2018). The claims alleged in the Complaint have been dismissed and, although Plaintiff has been given leave to file an amended complaint, the Court cannot find that she is likely to succeed on the merits. Further, Plaintiff's filings indicate that she is capable of articulating her claims pro se. Plaintiff's Request is therefore denied.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed November 6, 2019, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file her amended complaint by **January 27, 2020**. The amended complaint must comply with the terms of this Order.

In addition, the Court HEREBY RESERVES RULING on Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, filed November 6, 2019.  If Plaintiff chooses to file an amended complaint, and if at least a portion of the amended complaint survives the screening process, the merits of the Application will be addressed.

Finally, Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5(f)(1)(B), also filed November 6, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 9, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**COLLEEN ULULANI SOUZA VS. U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL; CV 19-00608 LEK-RT; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964; 42 U.S.C. § 2000E-5(F)(1)(B)**